81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
J. Patrick LYONS, Plaintiff-Appellant,
v.
William VAN HILLEARY, Defendant-Appellee.
 No. 95-5911.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1996.
 
 1
 Before: MARTIN and MOORE, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 J. Patrick Lyons, a pro se Tennessee litigant, appeals a district court order dismissing his civil complaint filed pursuant to federal question jurisdiction (28 U.S.C. § 1331). Lyons has also filed a motion for a change of venue and the defendant has responded. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 8, 1994, defendant William Van Hilleary, a member of the Republican Party, was elected to the United States House of Representatives. On April 10, 1995, Lyons brought suit against the defendant, alleging that, pursuant to the Hatch Act of 1939 and the United States Air Force Instruction 51-902, the defendant's voluntary agreement to perform federal service disallowed him from being a candidate for public service in a partisan election. Lyons sought both the removal of the defendant from office and a judicial declaration that Lyons is entitled to the office. The district court dismissed the complaint for lack of federal subject matter jurisdiction. This timely appeal followed.
 
 
 4
 The court reviews de novo the dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Ang v. Procter & Gamble Co., 932 F.2d 540, 544 (6th Cir.1991); Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990). The plaintiff has the burden of establishing jurisdiction after the defendant adequately challenges subject matter jurisdiction by a motion to dismiss. See Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).
 
 
 5
 Here, Lyons simply cannot establish federal subject matter jurisdiction. The Constitution of the United States provides that "[e]ach House shall be the Judge of the Elections, Returns and Qualifications of its own Members...." U.S. Const. art. 1, § 5, cl. 1. Accordingly, election contests must be filed with the Clerk of the House of the Representatives of the United States and served upon the contestee within thirty days of the election. 2 U.S.C. § 382(a). With regard to election contests, the House of Representatives has exclusive authority "to determine the facts and apply the appropriate rules of law, and, finally, to render a judgment which is beyond the authority of any tribunal to review." Barry v. United States ex rel. Cunningham, 279 U.S. 597, 613 (1929).
 
 
 6
 Despite Lyons's semantics argument to the contrary, this action indeed constitutes an election contest. The Constitution and applicable federal law clearly vest authority over federal election contests, regardless of form or subject matter, in the House of Representatives.
 
 
 7
 Accordingly, the motion for a change of venue is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation